Johnson, J.
The warrant issued to the collector of the town of South East by the supervisors of the county of Putnam neither gave nor purported to give to the collector *312 authority compulsorily to collect the tax in the city of New-York. When, therefore, the collector exhibited to the proper officer of the plaintiff in that city his warrant and tax list, and requested or demanded payment, that demand,, though made under a claim of right on the part of the collector to receive the money if voluntarily paid, was only a demand of voluntary payment, and was not accompanied, either in point of fact, or apparently with a present power there to enforce payment. The case therefore does not stand upon the same ground as payments made to release'property from seizure under process to compel payment, either already actually made or about to he made. The warrant and tax list shown to the officer of the company gave him all the means of judging as to the liability of the company to pay the tax, which the collector possessed; he was not put under the pressure, even of the apprehension of an immediate or forced collection of the demand by authority of the warrant; he exercised his judgment on behalf of the company as to the propriety of paying the demand in view of all the facts which bore upon the question of its validity, and having determined to pay it, and having actually paid it without any protest against the liability, if that even would’ have had any effect, or any reservation of right in respect to' it, the company are now too late to recall his act. The lands of the company were liable to be taxed in the town of South East, and the money has been voluntarily paid upon a claim of right by the party receiving it, and without any misrepresentation or concealment of fact, in relation to the claim by him, or any mistake of fact on the part of the company. Under such circumstances no action can be maintained to recover it hack. (Silliman v. Wing, 7 Hill, 159, Supervisors of Onondaga v. Briggs, 2 Denio, 26.) The case was likened to that of Corlies v. Waddell (1 Barb. S. C. R., 355); but they are unlike in the precise point upon which that case was determined. There the party, who received the money *313 had no authority to receive it, whether the claim upon which it was demanded was legal or not;- while here, if the demand was legal, the collector had authority to receive it; and, therefore, when it was paid to him without 'compulsion on his part or objection on the Dart of the party paying, its legality was conceded.
The judgment should be affirmed
All the judges concurred in affirming the judgment, on the ground stated in the foregoing opinion; and the question, as to whether the board of supervisors had jurisdiction to impose the tax, was not passed upon.
Judgment affirmed.